**Frank L. HAWKINS, Plaintiff–Appellant, Cross–Appellee,**

v.

**HOLIDAY INNS, INC., Defendant–Appellee, Cross–Appellant.**

**Nos. 78–1244, 78–1245.**

United States Court of Appeals, Sixth Circuit.

Argued June 9, 1980.

Decided Nov. 5, 1980.

Edward W. Kuhn, McDonald, Kuhn, Smith, Gandy, Miller & Tait, Memphis, Tenn., David Berger, Warren D. Mulloy, Alan C. Kessler, Berger & Montague, Philadelphia, Pa., Harold Brown, Brown, Prifti, Leighton & Cohen, Boston, Mass., for plaintiff–appellant, cross–appellee.

George D. Reycraft, Richard Wiener, Cadwalader, Wickersham & Taft, Haven C. Roosevelt, Robert A. Lonergan, New York City, Charles E. Walpole, Charles Y. Caldwell, III, Memphis, Tenn., for defendant–appellee, cross–appellant.

Before KEITH, KENNEDY, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

This case was commenced in October 1974 by Frank L. Hawkins against Holiday Inns, Inc. for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1) and Section 3 of the Clayton Act (15 U.S.C. § 14). Prior to trial, Hawkins dismissed his claims under Section 3 of the Clayton Act.

Hawkins has been a franchisee of Holiday Inns in the Mobile, Alabama area since 1961, and for an even longer period of time elsewhere. As of 1973, Hawkins owned three motels in the Mobile area, all three then being operated as Holiday Inns motels pursuant to franchises granted by Holiday Inns.

In the franchise agreements between Holiday Inns and Hawkins, Hawkins agreed not to own, operate, be connected with or associated with any hotel or motel other than Holiday Inns hotels or motels. This is the so–called "non–Holiday Inn clause."

The non–Holiday Inn clause reflected Holiday Inns' unilaterally adopted policy of not granting franchises to competitors. It is undisputed that Holiday Inns never prevented Hawkins from owning, operating, being connected with or associated with any other hotel or motel. In fact, on two occasions Hawkins owned motels other than Holiday Inns motels, without objection from Holiday Inns.

In 1972 and 1973, Hawkins, through a real estate broker, Hardin B. Arledge, solicited negotiations with Radice Realty and Construction Corp. looking toward the sale of his Mobile motels and the franchises granted to him by Holiday Inns. Although Hawkins owned the motels, the franchise agreements between Holiday Inns and Hawkins could not be unilaterally assigned by Hawkins to a third party. At the time of the negotiations with Hawkins, Radice Realty owned motels other than Holiday Inns motels.

While Hawkins knew of Holiday Inns' policy of not granting a franchise to a competitor, he wrote to Holiday Inns and generally inquired if Holiday Inns would waive its non–Holiday Inn policy for a potential purchaser of his motels and franchises. Hawkins did not disclose Radice Realty's identity or submit any information relating to it, other than to state that the potential purchaser owned competing motels. Hawkins did not seek a waiver of the non–Holiday Inn policy on his own behalf because he

was not seeking to own or operate a competing motel.

Holiday Inns responded by restating its policy of not issuing franchises to competitors and its intention to maintain this policy to the extent permitted by law. Hawkins did not communicate further on this subject with Holiday Inns; Radice Realty never communicated with Holiday Inns.

Hawkins sued. Simply put, the gravamen of Hawkins' complaint was that Holiday Inns unreasonably restrained trade by enforcing the clause in his franchise agreements which prevented Hawkins from buying an interest in a competing motel by preventing him from selling his trademark and service mark agreements with Holiday Inns (i. e., his franchises) to a competitor. Hawkins admits he was free to sell his motels without the Holiday Inns license agreements.

Hawkins has never asserted any claim for or on behalf of Radice Realty, nor has Radice Realty asserted any claim on its own behalf. Rather, Hawkins asserted that Holiday Inns' conduct constituted an unreasonable restraint which injured him in his trade or business and sought damages of $2 million before trebling.

The case was tried in Memphis. At the close of Hawkins' case, Holiday Inns moved for a directed verdict, pursuant to Rule 50(b), Federal Rules of Civil Procedure. The trial court took the motion under advisement.

At the close of all the evidence, both parties moved for a directed verdict. Hawkins' motion was summarily denied; the trial judge continued to reserve decision on Holiday Inns' motion. The jury returned responses to jury interrogatories finding in favor of Hawkins in the amount of $674,000 single damages, subject to trebling.

The trial court never entered judgment based upon the responses to jury interrogatories. On January 25, 1978, an opinion granting Holiday Inns' motion for a directed verdict was entered which stipulated that if the directed verdict were set aside by this Court, the verdict would be set at a maximum of $280,000 damages, before trebling. On February 7, 1978, the Clerk of Court filed a judgment in accordance with the memorandum opinion.

Hawkins appealed the judgment entered on the directed verdict in favor of Holiday Inns. Holiday Inns cross–appealed from the portion of the judgment which allows, in the event judgment in its favor is set aside, the verdict to be set at $280,000, subject to trebling.

The trial court applied the correct standard in directing a verdict in favor of Holiday Inns as a matter of law, and the evidence was such that there could be but one reasonable conclusion as to the correct verdict. Hawkins never received a bona fide offer to purchase his Holiday Inns motels from Radice Realty.

Holiday Inns never enforced the non–Holiday Inn clause in its franchise agreements with Hawkins against Hawkins. There was no evidence from which it could reasonably be concluded that Holiday Inns refused to deal with anyone. Holiday Inns' contracts with Hawkins were not in restraint of trade. The rule of law sought to be imposed by Hawkins lacks any commercial value.

Considering all the evidence most favorably to Hawkins, at most he has proven that Holiday Inns unilaterally refused to deal with an unidentified entity, Radice Realty, conduct which was and is lawful under *United States v. Colgate & Company*, 250 U.S. 300, 39 S.Ct. 465, 63 L.Ed. 992 (1919).

As a matter of law, there was no evidence from which anyone could reasonably conclude that: (a) Holiday Inns caused Hawkins any injury in fact; (b) the interest Hawkins sought to protect was in the zone of interests protected under Section 1 of the Sherman Act; or (c) any injury to Hawkins was a direct result of Holiday Inns' conduct. Hawkins has suffered no legally cognizable injury, for he still owns and operates the three inns as Holiday Inns motels and is receiving all of the benefits of his contractual relationship with Holiday Inns.

In *Byars v. Bluff City News Co.*, 609 F.2d 843 (6th Cir. 1979), this Court outlined the law on refusals to deal for the benefit of the lower court to which it was remanding the case. At the outset, the Court stated that, as a general rule, "there exists no duty to deal, so long as the determination is made unilaterally." 609 F.2d at 854. The Court then noted:

> Franchisees and distributors which have been unilaterally terminated have discovered to their chagrin that ordinarily the law offers them no remedy absent proof that a conspiracy against them took place. (Citations omitted).

> .    .    .    .    .

> Even the use of unfair business practices as part of the termination may not invoke sanction under the antitrust laws. (Citations omitted)

609 F.2d at 854–855.

This Court concluded by stating that if the defendant in *Byars* were found not to possess monopoly power, it could have terminated, with impunity, its relationship with plaintiff.

It is clear from the record that Holiday Inns has acted unilaterally in the instant case. Further, there was not even an allegation that Holiday Inns possessed monopoly power in the hotel–motel business. Holiday Inns did not refuse to deal with Radice Realty. Even if it had refused, however, the refusal was unilateral and, as recognized in *Byars*, would not invoke sanction under Section 1 of the Sherman Act.

The judgment of the District Court in favor of the defendant Holiday Inns, Inc. is affirmed.